**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHAMPAGNE EDITION, INC.,      )
                                 )     Civil Action No.
          Plaintiff,       )
                                 )
      v.                  )
                                 )
MOTIS ENERGY, LLC,          )
                                 )
          Defendant.     )

**COMPLAINT**

Plaintiff, Champagne Edition, Inc. sets forth the following Complaint:

**INTRODUCTION**

1.      Plaintiff, Champagne Edition, Inc. (hereinafter "Champagne") is a manufacturer of various products.  Among those products are large commercial rubber mats and ramps which are positioned beneath drilling and pumping rigs at oil and gas well sites.

2.      On February 27, 2015, Champagne entered into an arrangement whereby it leased certain products to Defendant, Motis Energy, LLC (hereinafter "Motis"), who in turn was to lease the same out to drilling companies.

3.      The agreement between Champagne and Motis was strictly a lease arrangement. Title and ownership of the subject products has always remained with Champagne.

4.      Following a thirty (30) day notice to cure a breach dated January 19, 2016, Champagne terminated the agreement, which removed any right Motis may have had to possession of any of the products.

5.      Champagne has requested a return of the Champagne products which Motis has in its possession.  However, despite its promises to do so, Motis has failed and/or refused to return them or make them available to Champagne.

6.      This action in replevin is brought to obtain possession of those products from Motis and it is believed that, without an order of court, Motis will not return the products to Champagne.

7.      Additionally, because Motis has breached the parties' agreement by failing to pay Champagne for the mats and ramps it has leased, Champagne seeks to recover the amounts it is owed by Motis and a full accounting from Motis so that Champagne can confirm the amounts that it is owed under the Agreement.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction under 28 U.S.C. §1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

9.      Venue is proper in this District as Motis has its principal place of business in the Middle District.

10.      Federal Rules of Civil Procedure 64 provides that actions in replevin may be brought in federal court where such remedy is available in the state where the court is located.

11.      Replevin is available in Pennsylvania pursuant to Pennsylvania Rule of Civil Procedure 1071 et seq.

## PARTIES

12.      Champagne is a Canadian corporation with a principal place of business at 57425 Rge RD 253, Alberta, Canada, TOG 1L1.

13.      Motis is a Pennsylvania limited liability company with a principal place of business at 1500 Sycamore Road, Suite 120, Montoursville, Pennsylvania 17754.

**FACTUAL BACKGROUND**

14.     On or about February 27, 2015, Champagne and Motis entered into an Exclusive Distributorship Agreement (the "Agreement"), a copy of which is attached hereto as Exhibit "A."

15.     The Agreement provided that Champagne gave Motis the "exclusive and non-assignable right to distribute, redistribute, lease, sub-lease and sell the equipment of [Champagne]…to other distributors or end-users…in the geographic area set forth" in the Agreement.

16.     The term of the Agreement was for 5 years, which could be extended, at Motis' option, an additional 5 years.

17.     The primary products subject to the Agreement were rubber mats which Champagne manufactured at its facility in Canada.

18.     The primary use of those mats was for the oil and gas industry, to be placed under rigs at well sites.

19.     As the distributor of the mats, Motis was to find drilling companies to sub-lease the mats to for use at the drilling sites.

20.     Exhibit A to the Agreement set forth the "Mat Rental Provisions."  It provided that Motis would lease no less than 14,400 mats during the 18 month period from February 27, 2015 to August 1, 2016.

21.     Exhibit A further provided that the initial rental price for those mats was $2.66 per mat per day.

22.     Exhibit A further provided that "leap frogging," which were mats held in inventory by Motis, after 6 months, could be charged a discounted rental rate of 50% of the rental rate.

23.     Pursuant to Article 1, Paragraph 4 the Agreement, Champagne reserved a security interest in each unit of equipment sold or leased under the Agreement and ownership in each unit of equipment leased under the Agreement:

> The Company hereby reserves a security interest and/or ownership interest in each unit of Equipment sold or leased under this Agreement and in the proceeds thereof, if Distributor shall have sold or leased a unit(s) to another party prior to Distributor paying Company the purchase or lease price for such Unit as set forth herein.

24.     In fact, under Article I, Paragraph 4 of the Agreement, it is only where there is a purchase, not a lease, that title to the equipment passes to Motis, and then only upon receipt by Champagne of payment in full.

25.     Motis has leased mats under the Agreement, some of which it has sub-leased out and some of which are in its possession and are not being utilized.

26.     Champagne believes that Motis has approximately 4,726 mats and 95 ramps in its possession, not being used, that can be returned to Champagne.

27.     Those mats are worth approximately $5,671,200.

### COUNT I
### REPLEVIN

28.     The previous paragraphs of this Complaint are hereby incorporated by reference.

29.     Motis has requested on several occasions that Champagne take the non-utilized mats back, and argued that it should not be charged the piggy-backing rate for mats that it has requested that Champagne take back.

30.     Champagne is willing to take back the non-utilized mats and ramps back.

31.     However, Motis has failed and/or refused to return the mats to Champagne.

4

32.     It is believed that Motis is refusing to turn the mats over to Champagne due to a January 19, 2016 letter that Champagne sent to Motis, providing Motis with 30 days notice of its intent to terminate the Agreement due to the non-payment by Motis of money owed to Champagne under the Agreement.

33.     Motis has responded that it does not believe that it is in breach of the Agreement and that it does not want the Agreement to be terminated.

34.     However, the termination of the Agreement has no effect on the ownership of the mats and ramps, which are and always have been the property of Champagne pursuant to Article I, Paragraph 4 of the Agreement.

35.     That is because the mats and ramps were leased, not sold, to Motis.

36.     Title to the mats and ramps has always resided in Champagne, as provided for in the Agreement.

37.     It is believed that the mats and ramps are located at a facility or facilities owned by Motis, although Champagne does not know their exact location and the location may have been changed by Motis to try to hide the mats from Champagne.

38.     Champagne has repeatedly requested that Motis make the mats and ramps available for Champagne to pick up.

39.     Despite those requests, Motis has not made the mats or ramps available for Champagne to pick up and take possession of.

40.     In fact, Motis has made statements to the effect that it has no intention of returning the mats and ramps to Champagne and that it will put Champagne out of business as Champagne will not have mats to rent and therefore will have no revenue.

41.     The subject mats are owned by Champagne and it is entitled to possession of the same.

42.     Champagne thus demands immediate possession of the mats and ramps.

WHEREFORE, Plaintiff, Champagne Edition, Inc., respectfully requests that this Honorable Court enter judgment in its favor by awarding immediate possession of the mats, costs, and such other relief as this Honorable Court deems proper.

## COUNT II
## REPLEVIN

43.     The previous paragraphs of this Complaint are hereby incorporated by reference.

44.     Motis has materially breached the Agreement by failing to pay Champagne in accordance with the terms of the Agreement.

45.     On or about January 19, 2016, Champagne gave Motis notice, pursuant to Article VII, Paragraph 2 of the Agreement, that it was in breach and had thirty (30) days to cure the breach or the Agreement would be terminated.

46.     Motis did not cure the breach within that thirty (30) days.

47.     In fact, to date Motis still has not cured the breach.

48.     Champagne therefore considers the Agreement to be terminated.

49.     Because of the termination of the Agreement, Champagne has no right to retain any of Champagne's mats or ramps.

50.     Champagne has requested that Motis return its mats to it, but Motis has failed and/or has refused to do so.

WHEREFORE, Plaintiff, Champagne Edition, Inc., respectfully requests that this Honorable Court enter judgment in its favor by awarding immediate possession of the mats, costs, and such other relief as this Honorable Court deems proper.

## COUNT III
## BREACH OF CONTRACT

51.     The previous paragraphs of this Complaint are hereby incorporated by reference.

52.     Motis owes Champagne $531,570.17 for mats and ramp rentals from September 1, 2015 through December 31, 2015.

53.     Motis also owes Champagne $336,622.92 for mat and ramp rentals from January 1, 2016 through January 31, 2016.

54.     Motis also owes Champagne $195,458.47 for mat and ramp rentals from February 1, 2016 through February 18, 2016.

55.     Motis failing to pay the above amounts represents a breach of contract.

56.     The above money is due and owing.

WHEREFORE, Plaintiff, Champagne Edition, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Motis Energy LLC in the amount of $1,063,651.56 plus interest, costs, and such other relief as this Honorable Court deems appropriate.

## COUNT IV
## ACCOUNTING

57.     The previous paragraphs of this Complaint are hereby incorporated by reference.

58.     Pursuant to the Agreement, Motis pays different amounts for the mats depending on whether they are in use or not in use (leap-frogging).

59.     Motis has not provided Champagne with a complete and full accounting of each and every mat and when the same was in use and not in use.

60.     Without such an accounting, Champagne cannot calculate whether any additional sums are owed under the Agreement.

WHEREFORE, Plaintiff, Champagne Edition, Inc., respectfully requests that this Honorable Court order Defendant Motis Energy LLC to provide a full and complete accounting for all mats that it has leased from Champagne.

## COUNT V
## DECLARATORY JUDGMENT

61.     The previous paragraphs of this Complaint are hereby incorporated by reference.

62.     Motis has breached the Agreement by failing to pay Champagne in full for the mat and ramp rentals.

63.     Champagne has provided Motis with thirty (30) days notice of its breach and demand that it cure such breach or the Agreement will be terminated pursuant to Article VII of the Agreement.

64.     Motis did not cure the breach within the thirty (30) day period.

65.     Champagne therefore considers the Agreement to be terminated.

66.     Motis apparently rejects that notice and termination and believes that the Agreement is still in force and that it is Champagne's exclusive distributor in the geographic area set forth in the Agreement.

67.     So as to clarify the parties' rights and obligations, if any, under the Agreement, and to avoid future litigation, Champagne requests that this Honorable Court enter an Order declaring the Agreement to be terminated.

WHEREFORE, Plaintiff, Champagne Edition, Inc., respectfully requests that this Honorable Court enter an order declaring that the Agreement is terminated.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

*/s/ Scott R. Leah*
Scott R. Leah, Esquire
PA I.D. No. 57564
1500 One PPG Place
Pittsburgh, Pennsylvania 15222
(412) 566-1212

Dennis R. Sheaffer, Esquire
PA I.D. No. 39182
2 Lemoyne Drive, Suite 200
Lemoyne, Pennsylvania 17043
(412) 717-7968

Counsel for Champagne Edition, Inc.

LIT:601406-2 031050-173749

9